IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-80409-CIV-MARRA/BRANNON

SUITE 225, INC., a Florida corporation,
and DOUG PETERS, individually,

        Plaintiffs,

vs.

LANTANA INSURANCE, LTD.,

        Defendant.

_____/

**DEFENDANT, LANTANA INSURANCE, LTD.'S MOTION TO REOPEN CASE
AND ENTER SUMMARY JUDGMENT**

In this statutory insurance bad faith action, this Court stayed all proceedings pending resolution of a Motion for Relief for Judgment in the underlying coverage lawsuit. [D.E. 43]. The Court in the underlying action has since vacated the judgment. See attached Report and Recommendation and Order adopting same as Exhibits A and B, respectively. Defendant, Lantana Insurance, LTD ("Lantana") now moves to reopen this case (as it was administratively closed) so that the Court may enter summary judgment in Lantana's favor.

**I.     UNDISPUTED MATERIAL FACTS**

1.     Plaintiff, Suite 225, Inc. ("Suite 225), was a Florida corporation operating a business in Palm Beach County, Florida. [D.E. 28, ¶5].

2.     Lantana was an insurance company who issued a commercial policy to Suite 225. [D.E. 28, ¶¶7, 9].

{00221955.1 }

1

Keller Landsberg PA
Broward Financial Centre, 500 E. Broward Boulevard, Suite 1400, Fort Lauderdale, FL  33394

3.      Suite 225 allegedly incurred a loss on the insured property on or about January 12, 2010. [D.E. 28, 11].

4.      Suite 225 submitted a claim for insurance benefits to Lantana, and subsequently sued Lantana to compel appraisal related to the claim in state court. [D.E. 28, ¶¶12, 31].

5.      Following removal to federal Court to case number Southern District of Florida, Case No. 9-10-cv-81026-KLR, the Court granted Suite 225's Motion to Compel Appraisal ("Ryskamp case"). [D.E. 28, ¶33].

6.      In the Ryskamp case, the appraisal award was reduced to judgment. [D.E. 28, ¶36].

7.      Suite 225 and Doug Peters (the owner of Suite 225) sued Lantana in the instant action for bad faith and relied upon the judgment entered in the Ryskamp case as a condition precedent to bad faith. [D.E. 1, 28, ¶36]. Specifically, this action was brought under Florida's statutory bad faith statute, §. 624.155. [D.E. 28, ¶54].

8.      On December 31, 2013, the judgment in the Ryskamp case was vacated due to the material fraud perpetrated by Suite 225 and Peters. Exh. B.[1]

## II.    ARGUMENT

In *Blanchard v. State Farm Mutual Automobile Insurance Co.*, 575 So.2d 1289, 1291 (Fla.1991), the Florida supreme court unequivocally held that a bad-faith action cannot accrue until the underlying lawsuit seeking insurance benefits is resolved in the insured's favor:

---

[1] Lantana requests that this Court take judicial notice of the Report and Recommendation and Order under Federal Rule of Evidence 201.

{00221955.1 }

> [A]n insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue.... Absent a determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the plaintiff's damages, a cause of action cannot exist for a bad faith failure to settle.

*See also Vest v. Travelers Ins. Co.,* 753 So.2d 1270, 1276 (Fla.2000) ("[B]ringing a cause of action in court for violation of section 624.155(1)(b) is premature until there is a determination of liability and extent of damages owed on the first-party insurance contract.").

The underlying judgment upon which this action is based was vacated, so this action cannot stand as there exists no judgment in Suite 225's favor.  In fact, the very insurance contract that provided coverage to Suite 225 has been voided altogether by Judge Ryskamp based on the its material misrepresentations in the subject claim.  Without its condition precedent, this case cannot stand. *Bollinger v. State Farm Mut. Auto. Ins. Co.,* 2013 WL 5273380 (11th Cir. September 19, 2013) (upholding dismissal with prejudice of bad faith action when insured failed to meet condition precedent under §624.155).

WHEREFORE, Defendant, Lantana Insurance, Ltd. requests that this Court grant this Motion, reopen this case, enter summary judgment in Lantana's favor, reserve jurisdiction for the Court to determine entitlement to attorney's fees under its inherent power of awarding sanctions having proceeded with this bad faith action based on a fraudulent insurance claim, and grant such other relief as this Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Undersigned counsel has conferred with counsel for Plaintiffs, Matthew Weaver, in a good faith effort to resolve the issues raised in the motion and Plaintiffs object to same.

{00221955.1 }

3

Keller Landsberg PA

Broward Financial Centre, 500 E. Broward Boulevard, Suite 1400, Fort Lauderdale, FL 33394

Date: January 15, 2014                    Respectfully submitted,

                                          */s/ Wendy J. Stein*
                                          Wendy J. Stein, Esq.
                                          Florida Bar No. 389552
                                          Alan L. Landsberg, Esq.
                                          Florida Bar No. 238635
                                          KELLER LANDSBERG PA
                                          Broward Financial Centre
                                          500 East Broward Boulevard, Suite 1400
                                          Fort Lauderdale, FL 33394
                                          Phone: 954.761.3550
                                          Fax: 954.525.2134
                                          Email: wendy.stein@kellerlandsberg.com
                                          *Attorneys for Defendant*

{00221955.1 }

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2014, I electronically filed the foregoing with the Clerk of the Court for filing and uploading to the CM/ECF system which will deliver a copy to all counsel of record:

**Hans Peter Haahr**
Hans@hhlegal.com
HAAHR LAW GROUP, PL
4159 Central Avenue
St. Petersburg, FL 33713
Telephone: (727) 896-7777
Facsimile: (727) 896-3999
*Attorneys for Plaintiff*

**R. Hugh Lumpkin**
rlumpkin@vpl-law.com
**Meghan C. Moore**
mmoore@vpl-law.com
**Maria R. Caldera**
mcaldera@vpl-law.com
**Matthew B. Weaver, Esq.**
mweaver@vpl-law.com
VER PLOEG & LUMPKIN, P.A.
100 S.E. Second Street – 30th Floor
Miami, FL 33131-2158
Telephone: (305) 577-3996
Facsimile: (305) 577-3558
*Attorneys for Plaintiff*

By: _/s/ Wendy J. Stein_
       Wendy J. Stein, Esq.
       Florida Bar No. 389552

{00221955.1 }

5

Keller Landsberg PA
Broward Financial Centre, 500 E. Broward Boulevard, Suite 1400, Fort Lauderdale, FL 33394